REINDEL *v.* REINDEL.

1. Limitation of Actions—Partnership—Accounting.
   While statute of limitations is applicable to partnership accounts, as general rule it does not begin to run until dissolution or until there has been settlement or accounting of partnership dealings.

2. Same—Accounting by Individual Partner.
   Where one partner on his own account used part of building leased by partnership, also using same clerical force, telephones, elevators, etc., as partnership, part of expense of which he paid, and it was understood that adjustment in respect to rent would be determined by accounting, statute of limitations did not run against partnership's claim for rent.

3. Partnership—Accounting—Appeal and Error.
   In partnership's suit against individual partner for accounting for his share of rent of building, part of which he used on his own account, decree holding him liable for 25 per cent. of rent is reduced, on appeal, to 21 per cent., as being more nearly correct under evidence.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 22, 1931. (Docket No. 129, Calendar No. 35,454.) Decided April 7, 1931.

Bill by Herman C. Reindel against George J. Reindel for an accounting of partnership funds and for dissolution. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Robert M. Brownson* (*Kenneth Murray,* of counsel), for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell,* for defendant.

McDONALD, J.   This is a suit for an accounting and the dissolution of a partnership business conducted by the parties under the firm name of George J. Reindel & Company.   The partnership was formed in 1896 for the purpose of dealing in office furniture at retail.   In connection with this business, the defendant engaged in buying and selling household furniture on his own account, but under the name of George J. Reindel & Brother. The partnership leased the building and paid the rent for the premises.   The defendant with his household furniture business occupied some of the space, and the dispute in the case grows out of his refusal to pay rent to the partnership.   He claims it was agreed that, in lieu of rent, he was to furnish and pay the bookkeeper and a salesman.   This claim the plaintiff denies.   On the hearing, it was also urged in defense that the action for rent has become barred by the statute of limitations and laches.   The trial court held against this contention, and in his determination of the facts found defendant liable for rent and certain other expenses incurred by the parties in their joint use of the premises.   He made an accounting and entered a decree from which the defendant has appealed.

What was the agreement, if any, in regard to the payment of rent to the partnership by defendant for the space used by him in his individual business?

The evidence does not show an express agreement. The most that is shown is that both parties understood the defendant would pay rent. From the beginning it was his practice to pay certain expenditures of the partnership business. After they moved into the Malcomson building, in 1911, this practice became a source of contention between them which they were never able to adjust. They took it up with their attorney, Mr. Mulford. He was a witness on the trial. He testified that in numerous discussions in his office neither of them claimed an actual agreement. The plaintiff insisted that there should be some understanding about the rent. The defendant was satisfied with matters as they stood. He said he was paying some expenditures for the partnership and he considered that sufficient to offset his proportion of the rent. Mr. Mulford's testimony supports the plaintiff, in his claim that they never reached an agreement. They were brothers and continued the business in a friendly way without any more definite understanding. The circuit judge took a sensible view of the situation, and held that defendant should account for and pay reasonable rent for the joint use of the partnership property and be credited with any money he had expended in its behalf unless the accounts were barred by laches or the statute of limitations.

It is agreed that the statute of limitations is applicable to partnership accounts, but, as a general rule, does not begin to run until dissolution or until there has been a settlement or an accounting of the partnership dealings. But the defendant insists that this claim is not a partnership account; that it

is not the subject of an accounting between partners; that a suit at law would lie against the defendant at any time during the existence of the partnership; and, not having availed itself of that remedy, the partnership is now barred by the statute from recovering on any claims accruing more than six years prior to the commencement of this suit. With this contention we cannot agree. In their operation these two businesses were very closely related. They used the same clerical force. They occupied the same office, used in common the telephones, elevators, stairways, store rooms, and shipping rooms. Light, heat, postage, etc., were furnished by the partnership and shared by defendant. Just what proportion of the rent and the other expenses each should pay was never determined. It was a matter for an accounting and was so treated by the partners. The plaintiff testified that defendant:

"Assured me it was a matter of record, the books would show it and we would have an accounting and get it straightened out."

It is quite clear that the differences between these parties which continued up to the time of suit presented a subject for an accounting and that neither the statute of limitations nor the doctrine of laches has any application. The court correctly so held.

In making the accounting, the court covered the business for the period beginning January 1, 1911, and ending November 18, 1925. He apportioned and charged each party rent on the basis of the floor space used. As to the other expenses, he apportioned them according to the relative sales volume of the two businesses. The only dispute here relates to the apportionment for rent. During the period covered by the accounting, the parties oc-

cupied two places of business, the Malcomson building from March 1, 1911, until April 1, 1923, and the Shelby street building from April 1, 1923, until November 18, 1925. It seems to be conceded that for the space used by defendant in the Shelby street building, he was properly charged 25% of the rent. The same proportion was charged against him for the space used in the Malcomson building. In our view of the evidence this charge was too high. We are not impressed with the accuracy of the estimates of the one witness who testified for the plaintiff on this question. The testimony of the witnesses for the defendant shows a more careful and intelligent attempt to arrive at a fair distribution of the rent. They figured from a correct basis and consequently reached a more reasonable and dependable conclusion. We are inclined to accept their estimate, which charges defendant with 21% of the rent of the Malcomson building. With this modification, the decree of the circuit court is affirmed. A decree will be entered in accordance with this opinion. No costs are allowed.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.